UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD JERMAINE JACKSON,

    Petitioner,

v.

T. LILLIARD, Warden,

    Respondent.

Case No. 3:24-cv-1539-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on preliminary review of a habeas petition filed pursuant to 28 U.S.C. § 2241, (Doc. 1), and two expedited motions for an evidentiary hearing and bail or immediate release. (Doc. 2, 3). The Petitioner, Jackson, filed his petition and motions on June 20, 2024. He is incarcerated at the Federal Correctional Institution in Greenville, Illinois, where the respondent, Thomas Lilliard, is the warden. As Jackson's petition fails preliminary review, the petition is hereby **DISMISSED with prejudice**.

**I.    BACKGROUND**

On July 16, 2019, Jackson was indicted on charges of robbery and brandishing a firearm. (Case No. 0:19-cr-00185-SRN-KMM-1, D. Minn., Doc. 259).[1] On October 2, 2020, following a bench trial, that court found him guilty on all charges. (Crim., Doc. 259). On June 24, 2021, Jackson was sentenced to fifty-seven and eighty-four months on each count, respectively, to be served concurrently. (Crim., Doc. 487).

Four days after his sentencing, on June 28, 2021, Jackson filed a pro se notice of appeal to the Court of Appeals for the Eighth Circuit. (Crim., Doc. 491). On October 12, 2022, the

---

[1] Citations to Jackson's criminal case shall be denoted by "Crim." followed by the document number.

Appellate Court for the Eighth Circuit denied his appeal. (Crim., Doc. 703). Less than one year after that ruling, on July 31, 2023, Jackson filed a § 2255 petition. (Crim., Doc. 760). That too was denied, (Doc. 785), and, on January 12, 2024, the Appellate Court declined to issue a certificate of appealability. (Crim., Doc. 807). Jackson is a prolific filer, however, his numerous other filings in the District of Minnesota are not relevant here.

In his § 2241 petition, Jackson claims that his conviction violated the Constitution because the trial court allegedly "was instructed on a different offense." Jackson claims that this purported error rendered the indictment null and stripped that court of its jurisdiction. (Doc. 1). His motions for expedited hearing and bond or immediate release rely on this same argument.

## II.     LEGAL STANDARD

Prisoners may challenge their sentence pursuant to, *inter alia*, 28 U.S.C. §§ 2241, 2255. A § 2255 petition allows a prisoner to challenge the constitutionality of their conviction or sentence, a § 2241 allows a prisoner to challenge the constitutionality of their custody. 28 U.S.C. §§ 2241(c)(3), 2255(a).

Generally, an inmate may only make a § 2255 motion in the district of their conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). A prisoner is limited to one § 2255 motion without leave of court. A prisoner may file a second or successive petition only if they rely on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law," 28 U.S.C. § 2255(h)(2), as their basis for relief *and* their petition is authorized by the appropriate court of appeals for the district of their conviction. Under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "§2255 Habeas Rules"), unauthorized second or successive § 2255 motions must be dismissed.

However, there is an exception to these rules under the "savings clause" of § 2255(e). The "savings clause" allows an inmate to collaterally attack their sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

Until recently, § 2255 was "inadequate or ineffective to test the legality of [a petitioner's] detention" if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); this occurred when:

> (1) [T]he claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (citing *In re Davenport*, 147 F.3d at 609).

Now, § 2255 is *no longer* "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations contemplated by *In re Davenport. Jones v. Hendrix*, 599 U.S. 465, 477 (2023). Rather, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is *impossible* or *impracticable* for a prisoner to seek relief from the sentencing court," *Id.* at 474 (emphasis added), such as, for example, where the court of conviction no longer exists. *Id.* Allowing prisoners to collaterally attack their sentence in § 2241 petitions in any other situation would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and *only* two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed. *Id.* at 477-78.

Therefore, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another.

Under Rule 1(b) and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "§ 2254 Habeas Rules"), the Federal Rules of Civil Procedure are applicable to § 2241 petitions. Consequently, when a respondent moves to dismiss a § 2241 petition and it is beyond doubt that the petitioner can prove no plausible set of facts that would entitle them to relief, a court must grant dismissal.

### III.  ANALYSIS

Jackson argues that his conviction was imposed in violation of the Constitution. However, none of his claims are cognizable under the new rules governing § 2241 proceedings following *Jones v. Hendrix*. Post-*Hendrix*, a § 2255 petition is the only way a prisoner can collaterally attack their sentence, unless it is impossible or impracticable for a petitioner to seek relief under § 2255 in the court of their conviction.

The Court observes that Jackson has *already* filed a § 2255 in the court of his conviction—the District of Minnesota—in addition to multiple other filings. There is nothing that would make it impossible or impracticable to seek relief from the District of Minnesota nor make it impossible or impracticable to request authorization for a successive § 2255 from the Court of Appeals for the Eighth Circuit.

Therefore, because Jackson is collaterally attacking his sentence and the "savings clause" does not apply post-*Hendrix*, Jackson's § 2241 petition is meritless. As there are no plausible set of facts that Jackson could allege that would entitle him to relief under § 2241, the petition fails preliminary review and must be dismissed. Consequently, his motions for an expedited evidentiary hearing and an expedited bond or immediate release, are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES with prejudice** Jackson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), **DENIES** all pending motions as moot, (Docs. 2, 3), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  June 21, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**